UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x   <u>NOT FOR PUBLICATION</u>
ROBERT NEVELLE,
                    Plaintiff,                  **MEMORANDUM AND ORDER**

    -against-                                       05-CV-4071 (ARR)

N.Y.S.D.O.C.S.,
GLENN S. GOORD, Commissioner,
DENNIS BRESLIN, Superintendent, et al.

                    Defendants.
------------------------------------------------------------x
ROSS, United States District Judge:

       Plaintiff, Robert Nevelle, brings this action pursuant to 42 U.S.C. § 1983, implying that medical personnel at Arthur Kill Correctional Facility ("AKCF") and their supervisors in New York State Department of Correctional Services ("DOCS") violated his Eighth Amendment rights through their deliberate indifference to plaintiff's serious medical needs. Plaintiff's application to proceed <u>in forma pauperis</u> is granted. However, for the reasons set forth below, plaintiff's claims, if any, against DOCS are dismissed and plaintiff is directed to amend his complaint within sixty (60) days of the date of this Order.

<u>Background</u>

       Plaintiff is a New York State inmate who suffers from diabetes, peripheral neuropathy, Restless Legs Syndrome ("RLS"), and other health problems. On October 19, 2004, while incarcerated at AKCF, he suffered a Transit Ischemic Attack (commonly known as a "mini-stroke"). AKCF personnel took plaintiff to Staten Island University Hospital, where his condition was diagnosed and where he remained for four days. Although a hospital doctor recommended that plaintiff be examined by a neurologist and an endocrinologist within two to seven days of his discharge, plaintiff alleges that he never received these follow-up examinations.

Plaintiff does not allege that he has yet suffered any ill-effects as a result of not receiving these examinations, but claims that 98 percent of persons who experience a mini-stroke have a major stroke within 18 months.

Between November 2 and December 24, 2004, AKCF ran out of the insulin and batteries necessary to operate the insulin pump plaintiff uses to control his diabetes. Plaintiff does not specify the dates during that period on which he was without insulin and/or batteries, but alleges that "[t]his happened for up to one month for the batteries and up to five days for the insulin," and that he was without insulin "numerous times" during this period. Complaint at ¶ IV. Plaintiff does not indicate what, if any, adverse health effects he suffered as a result of being deprived of insulin. However, he claims that he "can no longer sleep soundly for fear of going in to (sic) a comma (sic) due to lack of insulin" and has nightmares about dying. Id.

At some unspecified point during his stay at AKCF, plaintiff was prescribed a drug called Neurontin. Plaintiff alleges that this drug is "fraudulently marketed" as a treatment for some of the conditions which he has, such as peripheral neuropathy and RLS, and "has ... been found to cause loss of memory, kidney failure, and high blood pressure." Id. Plaintiff alleges that he has high blood pressure and memory and kidney problems, but does not specifically claim that these conditions were caused by the Neurontin. However, plaintiff alleges that the "medical staff from the New York Department of Corrections Services ... is well aware of this situation," and implies that unspecified members of the staff nonetheless continue to prescribe Neurontin.

Plaintiff alleges that he filed at least two grievances with the Superintendent relating to these medical problems. However, plaintiff's complaint does not indicate precisely when plaintiff filed these grievances, what problems were addressed in each of the grievances, or what

response, if any, he received from the Superintendent. Rather, the complaint alleges only that the "Superintendent accepted these grievances." Id. at II.C.

Plaintiff now brings this action pursuant to 42 U.S.C. § 1983, seeking $60 million as compensation for his "pain and suffering." Although the caption of the complaint lists only DOCS, Commissioner Goord, and Superintendent Breslin as defendants, the list of defendants set forth in body of the complaint not only omits DOCS, but also includes Dr. Lester Wright, DOCS's "Commissioner of Health"; Albert Adekanmi, R.N., a Nurse Administrator at ACKF, and a doctor and four nurses employed at AKCF. None of the defendants – whether named in the caption or not – is mentioned in the "Statement of Claim" in plaintiff's complaint, so it is unclear how each defendant was involved in the alleged wrongdoing.

Discussion

Title 28, section 1915A, of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

3

Plaintiff's Claims against DOCS

To the extent that plaintiff is seeking to recover compensatory damages from DOCS, the Eleventh Amendment of the United States Constitution precludes this Court from granting such relief. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. Although the text of the Amendment does not expressly prohibit a citizen from suing his or her own State in federal court, the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Burnette v. Carothers, 192 F.3d 52, 57 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)). Moreover, because a finding of Eleventh Amendment immunity deprives a federal court of jurisdiction, see Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73 (2000), Eleventh Amendment immunity may be raised sua sponte. See Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993), cert. denied, 510 U.S. 1043 (1994).

The Eleventh Amendment "permits suits for prospective injunctive relief against state officials acting in violation of federal law," but prohibits federal courts from granting retrospective relief, such as money damages. Frew v. Hawkins, 540 U.S. 431, 437 (2004). Eleventh Amendment immunity "extends to state agencies and to state officers who act on behalf of the state." Burnette, 192 F.3d at 57 (citing Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-47 (1993)). Thus, DOCS, a State agency, cannot be sued for

4

compensatory damages. See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (citing Santiago v. New York State Dept. of Correctional Services, 945 F.2d 25, 28 n.1 (2d Cir. 1991), cert. denied, 502 U.S. 1094 (1992)).

Since plaintiff names DOCS as a defendant in the caption, but not in the body, of the complaint, it is unclear whether plaintiff is suing DOCS. However, to the extent that he is, plaintiff seeks solely to recover money damages to compensate for past injuries. Since the Eleventh Amendment precludes this Court from granting such relief, plaintiff's claims, if any, against DOCS must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Plaintiff's § 1983 Claims Against DOCS Employees

The Eleventh Amendment does not prevent plaintiff from suing DOCS employees in their individual capacities under 42 U.S.C. § 1983. See Hafer v. Melo, 502 U.S. 21, 31 (1991). However, plaintiff's complaint does not state a § 1983 cause of action against any of the named defendants.

"In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Supervisory liability cannot rest on respondeat

superior or on "linkage in the prison chain of command." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). To establish supervisory liability, a plaintiff must show "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." Id. (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

Plaintiff's complaint contains a highly articulate "Statement of Claim," which suggests that plaintiff seeks to allege that DOCS employees violated his Eighth Amendment rights through their deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment."). However, plaintiff's complaint fails to explain how each individual defendant was involved in the alleged constitutional violations, such as the failure to schedule "follow up" examinations or the failures to supply plaintiff with the batteries and insulin needed to operate his insulin pump. The complaint also does not state who prescribed the Neurontin, or why plaintiff believes that the act of prescribing this drug violated his Constitutional or federal statutory rights.

Accordingly, plaintiff is directed to amend his complaint. Plaintiff must name each of the defendants in the caption of the complaint, and must explain in his "Statement of Claim" what each defendant did wrong or failed to do. Plaintiff must also provide the dates on which the act or omissions alleged in the complaint took place.

In addition, plaintiff is informed that under the Prisoner Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes ...," Porter v. Nussle, 534 U.S. 516, 532 (2002), including suits "where an inmate is alleging that prison officials were deliberately indifferent to his ... medical needs." Sanchez v. Fischer, No. 03 Civ. 4433 (GBD), 2005 WL 1021178, at *3 (S.D.N.Y. May 2, 2005); see Pressley v. Green, No. 02 Civ. 5261 (NRB), 2004 WL 97701, at *2 (S.D.N.Y. Jan. 16, 2004) (citing Lawrence v. Goord, 304 F.3d 198, 200 (2d Cir. 2002)). Thus, prior to bringing this action, plaintiff must first have exhausted all administrative remedies available to him by pursuing "his challenge to the conditions in question through the highest level of administrative review ...." Sanchez, 2005 WL 1021178, at *3 (quoting Flanagan v. Maly, No. 99 Civ. 12336 (GEL), 2002 WL 122921, at *2 (S.D.N.Y. Jan. 29, 2002)).

Conclusion

For the reasons stated above, plaintiff is directed to file an amended complaint within sixty (60) days of the date of this Order. The amended complaint must be captioned, "Amended Complaint," and must bear Docket Number 05-CV-4071 (ARR). No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days. If plaintiff fails to amend his complaint within sixty (60) days as directed by this Order, judgment shall be entered dismissing this action in its entirety under 28 U.S.C. § 1915A(b)(1). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and

therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
Sept. 20, 2005